UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HURST,

                Petitioner,                Case No. 2:14-cv-12654
                                                                  Hon. Denise Page Hood

v.

BONITA HOFFNER,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. In 1985, Petitioner was convicted after a jury trial in the Record's Court for the City of Detroit of two counts of first-degree criminal sexual conduct. He was initially sentenced to 40-to-80 years imprisonment, but he was subsequently resentenced to a parolable life term. Petitioner alleges that his resentencing violated his Fifth Amendment rights because the sentencing judge erroneously believed that a parolable life sentence was more lenient than the 40-to-80 year term, and he was not awarded credit for time already served. After preliminary review of the petition, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to comply with the one-year statute of limitations. Petitioner filed a response to the show cause order arguing: (1)

he did not know that his life sentence was worse than his prior sentence until the practices of the parole board changed; (2) his claim is meritorious and therefore the statute of limitations should not apply; and (3) a fundamental miscarriage of justice would occur if the petition is dismissed as untimely. For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations.

## I. Background

Petitioner's direct appeal was decided in 1988. *People v. Hurst*, 169 Mich. App. 160 (1988). About twenty-five years after his resentencing, on June 12, 2012, Petitioner filed a petition for writ of habeas corpus in the Branch Circuit Court raising what now form his habeas claims. On July 12, 2012, the court dismissed the petition, finding that a writ of habeas corpus is not a substitute for an appeal under state law and that Petitioner could have raised his claims in his direct appeal. Petitioner appealed this decision, but the Michigan Court of Appeals denied his petition by order dated August 20, 1013. *Hurst v. Warden,* No. 313231 (Mich. Ct. App. Aug, 20, 2013). Petitioner's subsequent appeal was denied by the Michigan Supreme Court. *Hurst v. Warden,* No. 147786 (Mich. Sup. Ct. Jan. 31, 2014).

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoners whether Petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006).

### III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner does not argue there was an impediment to filing his federal habeas petition created by State action, that his claims are based on a newly created constitutional right, and he has not demonstrated that his claims are based on a newly discovered factual predicate that predates that enactment of the statute of limitations. Therefore, the potential starting points under §§ 2244(d)(1)(B),(C), and (D) do not apply to his petition. The applicable starting point is the date on which his conviction became final under § 2244(d)(1)(A). Because Petitioner's conviction became final well before the enactment of the statute of limitations, Petitioner was given a one-year grace period from its enactment, or until April 24, 1997, to file his federal habeas petition. See *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005).

Petitioner's habeas application was filed more than a decade after the expiration of the grace period. The petition is therefore time barred unless Petition can

demonstrate grounds for equitable tolling. *Holland v. Florida*, ___ U.S. ___; 130 S. Ct. 2549, 2560; 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

    Petitioner has not adequately explained why his petition was untimely filed. First, Petitioner knew, or should have known, at the time of his resentencing that he was not awarded credit for time served. With respect to the allegation that trial judges at that period of time might have mistakenly believed that a parolable life sentence was preferable to a lengthy term of years, claims of that sort were well-known and had

been raised prior to the enactment of the statute of limitations. See, e.g., Jeanice Dagher-Margosian, Life Means Life, *Parole Rarely Granted on Nommandatory Life Terms*, 73 MICH.B.J. 1184, 1184-1185 (1994); *People v. Carson*, 220 Mich. App. 662, 673 (1996) (discussing contention that a sentence of parolable life is invariably a greater penalty than a sentence of a term of years). Petitioner has not demonstrated an adequate reason for waiting until 2012 to raise his claims. Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned pro se habeas petitioners. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003).

Next, Petitioner's contention that the statute of limitations cannot bar meritorious claims is baseless. If this were the rule, then the statute of limitations would be meaningless. *Helton v. Secretary for Dept. Of Corrections*, 259 F.3d 1310, 1314-15 (11th Cir. 2001)(merits of a habeas petitioner's claims not relevant to whether extraordinary circumstances exist justifying the late filing of petition).

Finally, the fundamental miscarriage of justice exception applies only to habeas petitioners who make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). See *Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter* because he candidly admits that he is not raising a

claim of actual innocence. See *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

Therefore, because Petitioner's application for habeas relief was filed after expiration of the one-year limitations period, and because he has failed to demonstrate grounds for equitably tolling, the petition will be summarily dismissed.

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable. The Court will additionally deny Petitioner permission to proceed on appeal in forma pauperis

because any appeal would be frivolous.

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager